```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE

DAVID SCOTT McMILLAN,              :
                                   :
            Plaintiff,             :
                                   :
     v.                            :  Civil Action No. 03-006-JJF
                                   :
WEEKS MARINE, INC.,                :
                                   :
            Defendant.             :
```

Samuel J. Rosenthal, Esquire of BARISH ROSENTHAL, Philadelphia,
Pennsylvania.
Leo John Ramunno, Esquire of LEO JOHN RAMUNNO, ESQUIRE,
Wilmington, Delaware.

Attorneys for Plaintiff.

Carmella P. Keener, Esquire of ROSENTHAL, MONHAIT & GODDESS,
P.A., Wilmington, Delaware.

Attorney for Defendant.

**MEMORANDUM OPINION**

September 30, 2008
Wilmington, Delaware.

Joseph J. Farnan Jr.
Farnan, District Judge.

Pending before the Court is Plaintiff's Offer Of Proof As To The Proposed Testimony of Val Olesnovich (D.I. 119). For the reasons discussed, the Court will not permit Mr. Olesnovich to testify at retrial regarding the issues set forth in his proffer.

## BACKGROUND

Following a jury trial in this action, the Court issued a Memorandum Opinion and Order on various post-trial motions filed by Defendant, Weeks Marine, Inc. McMillan v. Weeks Marine, Inc., 478 F. Supp. 2d 651 (D. Del. 2007). In particular, the Court granted Defendant's Motion To Vacate The Award Of Past And Future Lost Earnings And For A New Trial On Damages concluding that (1) the expert opinions of Plaintiff's economist, Royal A. Bunin, should have been excluded from evidence because they lacked a proper foundation, and (2) the testimony of Mr. Bunin concerning the role of union membership in securing full time work for its members, and the employment frequency, hours worked and employment experiences of those in the dredging industry was outside the scope of his expert report, his area of expertise and his prior experience as an actuarial economist. As a result of the deficiencies in Mr. Bunin's expert report and his unsupported testimony at trial, the Court vacated the jury's damages award for past lost earnings and future lost earnings, and ordered a

new trial on damages.[1]

Following the Court's decision, the parties submitted proposals regarding the scope of the new damages trial. Plaintiff's proposal included requests to allow Mr. Bunin to testify, as well as an additional period of discovery to submit amended expert reports to address current earning capacity and past lost earnings to date and loss of future earning capacity based on Plaintiff's current earning capacity. Defendant objected to this proposal and requested the Court to preclude Mr. Bunin or any other economist from testifying. Citing the Court's Memorandum Opinion vacating the damages award for past and future lost earnings and the Third Circuit's decision in Hagans v. Henry Weber Aircraft Distributors, Inc., 852 F.2d 60 (3d Cir. 1988), the Court concluded that "neither Mr. Bunin nor any other economist will be permitted to testify at trial on behalf of Plaintiff, insofar as the expected testimony concerns those issues which the Court determined to be in violation of the Court's orders, the Federal Rules of Civil Procedure and the Federal Rules of Evidence." (D.I. 114).

---

[1] The Court also denied Defendant's Motion For Judgment As A Matter Of Law. In so doing, the Court allowed the jury's verdict to stand in favor of Plaintiff in the amount of $87,563.06 for past and future loss of life's pleasures, past pain and suffering, future pain and suffering and dental expenses.

2

Thereafter, a teleconference was held during which the parties discussed the scope of the damages retrial. During this teleconference, Plaintiff was granted leave to submit testimony proffers. The Court also provided Defendant with an opportunity to file objections to the testimony. The Court emphasized that this case was scheduled for a retrial, not a new trial, and therefore, the evidence would not be expanded and would be the same evidence available at the first trial.

Following the teleconference, Plaintiff submitted an Offer Of Proof As To The Proposed Testimony Of Val Olesnovich (D.I. 119). Mr. Olesnovich was a scowman on a tugboat for Defendant who worked on the Baltimore, Maryland dredging job where Plaintiff was injured. Mr. Olesnovich was present at the time of Plaintiff's injury, and was originally listed as a liability witness in the Pretrial Order. However, Mr. Olesnovich was not called to testify during the trial by either party. Plaintiff's purpose in calling Mr. Olesnovich during the retrial is to provide the factual foundation for the expert report of Mr. Bunin on the issue of lost earning capacity.

Defendant objects to the testimony of Mr. Olesnovich on various legal grounds, but has not specifically lodged any objections to the content of Mr. Olesnovich's testimony under the Federal Rules of Evidence, other than a Rule 403 objection that the probative value of his testimony is outweighed by its

prejudicial nature.  Defendant's remaining objection to Mr. Olesnovich's testimony rests on the Court's ruling to exclude the testimony of Mr. Bunin.  Defendant contends that a ruling that would allow Plaintiff to lay the factual foundation for Mr. Bunin's testimony and expert reports through Mr. Olesnovich would negate the Court's prior rulings excluding the testimony of Mr. Bunin, and result in Defendant being unduly prejudiced in this litigation.  Defendant points out that throughout this litigation, it did not engage a vocational or economic expert of its own, because it relied on its ability to attack the credibility and foundation of Plaintiff's expert.  Defendant also contends that Mr. Olesnovich is not qualified to testify regarding the nature of the dredging industry and the employment opportunities in that industry for Plaintiff, because Mr. Olesnovich's experiences are specific to him.  Defendant argues that the proffered testimony of Mr. Olesnovich can only be provided by a vocational expert, which Plaintiff has not retained.  In the event that the Court allows Mr. Olesnovich to testify, Defendant requests the opportunity to conduct discovery into the new material to which Mr. Olesnovich would testify about, as well as an opportunity to employ its own vocational and economic experts to rebut Mr. Olesnovich's testimony.

4

**DISCUSSION**

As the Court recognized in <u>Yong v. Nemours Foundation</u>, 432
F. Supp. 2d 439, 441 (D. Del. 2006), there is no statute, rule or
case that prohibits a court from hearing the testimony of a new
witness when a new trial is ordered.  Whether new evidence should
be allowed at a retrial is within the exercise of a court's
discretion as guided by considerations of fairness, including the
need to avoid undue prejudice to either party.  <u>Habecker v. Clark
Equip. Co.</u>, 36 F.3d 278, 288 (3d Cir. 1994).  The Court has
expressed its view, that a retrial should not involve the
addition of new issues, evidence or witnesses.  <u>Id.</u>  Like the
grant of a new trial under Rule 59, a retrial is not meant to
provide the plaintiff with an opportunity to improve his or her
case.  <u>See</u> <u>e.g.</u>, <u>Rochez Bros. v. Rhoades</u>, 527 F.2d 891, 894 (3d
Cir. 1975).  However, the Court has not foreclosed the
possibility, that an exception to this general rule might be
warranted in certain circumstances.  <u>Id.</u>  Typically, it is
"[o]nly where a court perceives a manifest injustice in limiting
evidence at retrial [that] it must allow additional testimony and
exhibits."  <u>Total Containment, Inc. v. Dayco Prods., Inc.</u>, 177 F.
Supp. 2d 332, 338 (citing <u>Martin's Herend Imports v. Diamond &
Gem Trading United States of America Co.</u>, 195 F.3d 765, 775 (5th
Cir. 1999)).

Mr. Olesnovich is not a new witness.  He was listed as a
witness on the Pretrial Order witness list.  However, the
testimony now sought to be elicited from Mr. Olesnovich is new in
that Mr. Olesnovich had originally been listed as a liability
witness only.  However, Plaintiff now seeks to call Mr.
Olesnovich to testify as to his knowledge of employment practices
in the dredging industry, which Plaintiff contends is similar to
his experience.  Specifically, Plaintiff intends to call Mr.
Olesnovich to testify that he worked for Defendant in 2000 at the
Baltimore job that Plaintiff was on, and after the completion of
that job worked again for Defendant as an oiler.  If permitted,
Mr. Olsenovich will testify regarding the abundant availability
of dredging work from June 7, 2000 until the present, including
testimony that he worked steadily and virtually non-stop as a
deckhand, oiler, mate and crane operator, position changes which
are typical of many dredge workers and requiring no outside
training, which is supportive of Plaintiff's damages claim, not
liability.  Mr. Olesnovich will also testify that dredge work was
not seasonal during this time period and that dredging is not
dependent upon the weather, except for certain projects like
beach reclamation which is limited to cold weather conditions.
Lastly, Mr. Olesnovich will testify regarding pay rates for
Mates, deckhands and other dredges, as well as his yearly wages
during this time period.  Mr. Olesnovich's testimony on these

issues will include the impact of union membership on the availability of jobs and the salary, as Mr. Olesnovich is expected to testify that union workers he knows have no trouble finding work, and salaries are frozen by union contracts.

As a review of Mr. Olesnovich's proffered testimony indicates, he is being called to testify regarding either (1) foundational issues that the Court found lacking in Mr. Bunin's report, or (2) issues to which the Court concluded Mr. Bunin could not testify because they exceeded the scope of his expert report. The Court's decision to exclude Mr. Bunin's testimony on these issues was meant as a sanction for Plaintiff's failure to comply with the requirement of Fed. R. Civ. P. 26(a)(2)(B) that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions." See McMillan, 478 F. Supp. 2d at 658-659 (concluding that Mr. Bunin's testimony lacked foundation and exceeded the scope of his expert report and holding that because "Mr. Bunin's testimony was integral to the jury's verdict on lost wages, the Court concludes that Defendant suffered undue prejudice warranting a new trial on damages"). The Third Circuit has upheld the exclusion of expert witness testimony for a party's violation of discovery rules and orders. See e.g., United States v. 68.94 Acres of Land, 918 F.2d 389, 396-397 (3d

7

Cir. 1990) (collecting cases).  Although Mr. Olesnovich is a lay witness and not an expert witness, he would be called by Plaintiff to remedy the deficiencies in Mr. Bunin's expert report so that his opinions will be allowed into evidence.  Thus, allowing Mr. Olesnovich to testify at a retrial would essentially permit Plaintiff to avoid the sanction imposed by the Court for his original failure to comply with the Federal Rules of Civil Procedure.  In the Court's view, this is not the type of circumstance warranting a departure from the general rule of limiting a retrial to the scope of the initial trial and prohibiting the introduction of new witnesses and new issues at a retrial.

Moreover, the Court notes that the proffered testimony of Mr. Olesnovich was in existence at the time of the original trial in this case, yet Plaintiff chose not to introduce that evidence and instead chose to rely on Mr. Bunin's testimony and report without further elaboration or foundation by Mr. Olesnovich. This was a litigation decision made by Plaintiff, and the Court will not allow Plaintiff to retreat from that choice to avoid the sanctions that flowed directly from it.  Cf. Habecker v. Clark Equipment Co., 36 F.3d 278, 288-289 (3d Cir. 1994) (declining in a product liability case to allow plaintiff to pursue on retrial claim that forklift was defective where plaintiff made the litigation choice not to pursue that claim in the original

8

trial); <u>Total Containment</u>, 177 F. Supp. 2d at 339 ("[A] plaintiff omits evidence necessary to sustain its damage award at its peril.")  Accordingly, the Court will not permit Mr. Olesnovich to testify at a retrial regarding the issues set forth in Plaintiff's proffer.

### CONCLUSION

For the reasons discussed, the Court will not permit Mr. Olesnovich to testify at retrial regarding the issues set forth in Plaintiff's Offer Of Proof As To The Proposed Testimony of Val Olesnovich.

An appropriate Order will be entered.